GRANTWOOD LUMBER AND SUPPLY COMPANY, PLAINTIFF IN ERROR, v. JOHN L. ABBOTT, BUILDER, AND MATILDA WILLMAN, OWNER, DEFENDANTS IN ERROR.

Submitted July 7, 1910—Decided February 27, 1911.

1. Where improvements are limited to changing, increasing and repairing the interior arrangements and accommodations of an old building to suit the convenience or the fancy of the owner, they are repairs or alterations within the meaning of the Mechanics' Lien law. *Pamph. L.* 1898, *p.* 538.

2. Under section 10 of the Mechanics' Lien law (*Pamph. L.* 1898, *p.* 541), a building is not subject to lien for a debt owing for materials used in repairing or altering the building, unless the owner contracted the debt, or in writing consented to its being contracted by some other person.

3. A written contract between the owner and builder, whereby the
   builder contracted to furnish materials for the repair or alteration
   of a building, is not a consent of the owner in writing required
   to render a debt owing by the builder to a materialman for ma-
   terials a lien upon the building under section 10 of the Mechanics'
   Lien law. *Pamph. L.* 1898, *p.* 541.

On error to the Bergen County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD
and MINTURN.

For the plaintiff in error, *Mackay & Mackay.*

For the owner, *Weller & Lichtenstein.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff company brought suit in the
Bergen Circuit Court, and in its declaration averred that the
debt sued for, contracted by the defendant John L. Abbott,
builder, was, by virtue of the Mechanics' Lien law (*Pamph. L.*
1898, *p.* 538), a lien upon a dwelling-house and curtilage
therein described, of Matilda Willman, owner. The builder
did not defend. The owner filed pleas—*first,* that the builder
did not undertake or promise as complained, and *second,*
that her building and lands were not liable to the supposed
debt.

At the trial it appeared that the building in question was
erected in 1906; that in January, 1909, Matilda Willman
purchased the building and land in question; that in the
same month she entered into a written contract with John L.
Abbott whereby he contracted to do work upon and furnish
materials for the building; that between February 2d, 1909,
and April 23d, 1909, Abbott, the builder, purchased of the
plaintiff, and delivered on the premises, the materials for
which the lien is claimed; and that the contract between the
owner and builder was not filed until May 10th, 1909.

At the close of the evidence the trial judge directed a ver-

dict in favor of the owner; at the same time directing a verdict for the plaintiff against the builder.

The judgment entered upon the verdict for the owner is brought here for review, and the only error assigned is the direction of such verdict.

We are of opinion that it was properly directed.

We have pointed out that the building was three years old at the time the materials were furnished. The improvements contemplated by the contract, and made, in fact, seem to have been limited to changing, increasing and repairing the interior accommodations and arrangements of the building to suit the convenience or the fancy of the owner. This is conclusively shown by an examination of the specifications annexed to the contract, there being no other evidence upon the subject. The materials in question were, therefore, for repairs or alterations only within the meaning of the Mechanics' Lien law. *Updike* v. *Skillman,* 3 *Dutcher* 131; *Combs* v. *Lippincott,* 6 *Vroom* 481.

It remains only to consider whether the plaintiff acquired a lien under section 10 of the Mechanics' Lien law. *Pamph. L.* 1898, *p.* 541. That section has been construed in this court in *Murphy* v. *Hussa,* 41 *Vroom* 381. It was there held that, under that section of the statute, a building is not subject to lien for a debt owing for work or materials used in repairing or altering the building, unless the owner contracted the debt, or in writing consented to its being contracted by some other person.

Clearly the debt now in suit is not within the statutory class. It was not contracted by the owner but by the builder. The owner did not in writing consent to its being contracted by the builder. The contract between the owner and the builder whereby the builder contracted to furnish the materials for such repairs and alterations, is not a consent that the builder should contract the debt.

The judgment under review will be affirmed.